UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,               Plaintiff<br><br>v.<br><br>SUSAN E. HIRL, DANIEL J. HIRL, AND DANIELLE HIRL AS GUARDIAN OF M.J. HIRL, A MINOR,<br>                              Defendants | Civil Action No.: 1:15-cv-13259 RGS<br><br>ORDER |

Upon reading the Joint Memorandum, Defendants Joint/Assented Motion for Release of Deposited Funds and Dismissal, and Proposed Stipulation and Order seeking Dismissal of AGLIC, it appearing that this Court has jurisdiction of the parties and the subject matter, and good cause appearing therefore,

IT IS HEREBY ORDERED AND DETERMINED as follows:

1. In or about May of 1996, Donald J. Hirl applied to The Franklin Life Insurance Company for life insurance in the face amount of $100,000, with an additional benefit amount of $100,000;

2. The application for life insurance designated "Susan Hirl (wife)" as the primary beneficiary and designated "Daniel J. Hirl (son)" as the contingent beneficiary;

3. The Franklin Life Insurance Company issued an endowment life insurance policy, No. 6259049, on September 3, 1996, with a face amount of $100,000 to insure the life of Donald J. Hirl (hereinafter "the Policy");

4. The Policy had a level term life insurance rider which provided an additional $100,000 of life insurance coverage on the life of Donald J Hirl;

5. Donald J. Hirl (hereinafter "the Decedent") was the owner of the Policy;

6. The Franklin Life Insurance Company received an Agreement for Designation of Beneficiary and Payment of Insurance for the Policy, dated September 26, 1999,

    purportedly signed by Donald J. Hirl, which named defendant Susan E. Hirl as the primary beneficiary, named defendant and cross-claimant Daniel J. Hirl as the first contingent beneficiary and named M.J. Hirl as the second contingent beneficiary;

7. The Decedent and Defendant Susan E. Hirl were married;

8. Defendant and cross-claimant Daniel J. Hirl, and M.J. Hirl, a minor, are the sons of the Decedent;

9. AGLIC is the successor in interest to The Franklin Life Insurance Company, has assumed all obligations and liabilities under the Policy and is responsible for paying the death benefit due under the Policy;

10. The Decedent died on April 9, 2015;

11. Defendant Susan E. Hirl and the Decedent were divorced in 2004;

12. A Separation Agreement was entered into between the Decedent and defendant Susan E. Hirl as part of their divorce proceeding (Middlesex Probate and Family Court Docket No.: MI01D-1735DV1) that addressed the parties obligations concerning then existing life insurance policies and coverage including but not limited to the AGLIC policy.

13. After the Decedent died, AGLIC received multiple and conflicting claims to the death benefit under the Policy, including all claims from defendant Susan E. Hirl, defendant and cross-claimant Daniel J. Hirl and defendant and cross-claimant Danielle Hirl, as Guardian and Conservator of M.J. Hirl, a minor, and as Personal Representative of the Estate of Donald J. Hirl (collectively referred to hereinafter as "the defendants");

14. AGLIC contends it was unable to safely pay the death benefit payable under the Policy without being exposed to multiple or double liability to the defendants;

15. AGLIC possessed a real and reasonable fear of double liability or conflicting claims related to the death benefit payable under the policy;

16. On September 1, 2015, AGLIC filed a Complaint for Interpleader Relief in this Court;

17. On October 14, 2015, AGLIC deposited with the Court the total sum of $191,970.38, representing the death benefit plus accrued interest owed under the Policy;

18. This case is at issue, because defendant Susan E. Hirl filed an Answer on October 22, 2015, defendant and cross-claimant Daniel J. Hirl filed an Answer and Cross-Claim on October 7, 2015 and defendant and cross-claimant Danielle Hirl, as Guardian and Conservator of M.J. Hirl, a minor, and as Personal Representative of the Estate of Donald J. Hirl, filed an Answer and Cross-Claim on October 7, 2015.

19. The Middlesex Probate and Family Court (Judge Patricia Gorman) issued an Order dated October 27, 2015 in which the Court ordered: "Any life insurance benefits received as a result of Father's (Donald J. Hirl) death, shall be held in escrow by counsel for the Guardian of M.J. Hirl" (i.e. Attorney David W. Carr).

20. Given the nature of the Interpleader and Cross claims of the Defendants in this case, the controversy is better suited for adjudication in the Middlesex Probate and Family Court.

21. To avoid potentially conflicting rulings and where the Middlesex Probate Court has ordered that the funds deposited with this Court shall be held in escrow, that the funds deposited with this Court in the matter shall be released to Attorney David W. Carr as Counsel for Guardian of M.J. Hirl, to be held in escrow pursuant to the Order of Judge Gorman dated October 27, 2015 in the matter of Hirl v. Hirl (MIOD-1735DV1).

22. That an order of discharge in interpleader hereby is entered in favor of AGLIC in this action as to all defendants;

23. That Defendants Susan Hirl, Daniel Hirl, and M.J. Hirl, are dismissed from this action;

24. This Interpleader action including all Cross-claims filed by the Defendants, shall be dismissed without prejudice and any litigation among the defendants shall proceed in the Middlesex Probate Court.

25. The plaintiff and all defendants are to bear their own attorney fees and costs.

IT IS SO ORDERED.

DATED: *November 2*, 2015   _____
UNITED STATES DISCTRICT JUDGE

### CERTIFICATE OF SERVICE

I, David W. Carr, certify that I served the following document, Proposed Order of Joint Memorandum, all counsel of record via the Court's CM/ECF